IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KIMYA HILARIO,                    :
                                  :
        Plaintiff,                :
                                  :        CIVIL ACTION FILE
v.                                :
                                  :        NO. _____
WELLS FARGO BANK, N.A.,           :
                                  :
        Defendant.                :
_____:

## COMPLAINT FOR DAMAGES

## INTRODUCTION

1.    This is an action for damages against the defendant for violations of the

      Telephone Consumer Protection Act [TCPA], 47 U.S.C. § 227.

## SUBJECT MATTER JURISDICTION

2.    Subject matter jurisdiction in this Court is proper pursuant to 28 U.S.C. §

      1331 and 28 U.S.C. § 1337 because Plaintiff's TCPA claim arises under

      Federal law (federal question jurisdiction).

## PARTIES AND PERSONAL JURISDICTION

3.      Plaintiff KIMYA HILARIOis a resident of Douglas County, Georgia and is authorized by law to bring this action.  [Hereinafter said Plaintiff is referred to as "HILARIO"].

4.      Defendant WELLS FARGO BANK, N.A. is a national bank.  [Hereinafter said defendant is referred to as "WELLS FARGO"].

5.      WELLS FARGO transacts business in this state and district.

6.      WELLS FARGO's transactions in this state and district give rise to Plaintiff's causes of action.

7.      In the course of its business, WELLS FARGO directed telephone calls to Plaintiff's cellular telephone number in Douglas County, Georgia.

8.      The telephone calls to Plaintiff's cellular telephone number give rise to Plaintiff's claims.

9.      WELLS FARGO is subject to the jurisdiction and venue of this Court.

10.     WELLS FARGO may be served by personal service upon its registered agent in the State of Georgia, to wit: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

11.     In the alternative, WELLS FARGO may be served by personal service upon any officer at any WELLS FARGO branch location in this District.

12.   Other defendants may be discovered in the course of litigation, and plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## STATEMENT OF FACTS

13.   Plaintiff was the subscriber of cellular telephone services for telephone number (770) 572-1881 from MetroPCS.

14.   WELLS FARGO made and/or initiated telephone calls to Plaintiff's cellular telephone number ending in -1881.

15.   WELLS FARGO's telephone calls to Plaintiff were initiated using an automatic telephone dialing system.

16.   The telephone calls to Plaintiff's cellular telephone number were initiated using WELLS FARGO's contact center software.

17.   WELLS FARGO's contact center software stores telephone numbers.

18.   WELLS FARGO's contact center software dials from a database of stored telephone numbers either at random or in some sequence set by algorithm.

19.   WELLS FARGO's contact center software has the capacity to dial from a list of telephone numbers without human intervention.

20.   In some of the telephone calls, WELLS FARGO used an artificial or prerecorded voice to deliver a message.

21.   In the telephone calls to Plaintiff, WELLS FARGO was calling in an attempt to collect a debt owed by an individual identified as Natalia London.

22.   Plaintiff does not know the  individual with the name Natalia London who was the intended recipient of the call.

23.   WELLS FARGO did not have the prior express consent of Plaintiff to initiate telephone calls to her cellular telephone number using an automatic telephone dialing system regarding this debt.

24.   WELLS FARGO did not have the prior express consent of Plaintiff to initiate telephone calls to her cellular telephone number using an artificial or prerecorded voice to deliver a message.

25.   The telephone calls to Plaintiff's cellular telephone number were knowingly and/or willfully initiated using an automatic telephone dialing system.

26.   The telephone calls to Plaintiff's cellular telephone number which used an artificial or prerecorded voice to deliver a message were knowingly and/or willfully initiated.

27.  The telephone calls to Plaintiff's cellular telephone number were not initiated by accident or mistake.

28.  On several occasions, Plaintiff answered the phone and attempted to navigate the phone menu option in order to have WELLS FARGO cease calling her cellular telephone.

29.  Despite Plaintiff's multiple attempts to get WELLS FARGO to cease calling, they have continued calling Plaintiff's cellular telephone number.

30.  It was the intent of WELLS FARGO to initiate the telephone calls to the cellular telephone number at issue.

31.  The telephone calls were annoying, abusive and harrassing to Plaintiff.

32.  The natural consequence of repeated telephone calls to a non-debtor is to harass, oppress or abuse the recipient of the telephone calls.

33.  As a specific example of this annoyance, during the month of September 2012, plaintiff received multiple pre-recorded calls on at least eight separate calendar days.

34.  Plaintiff also received many missed auto dialed calls from defendant which failed to leave a message.

35.  The telephone calls to Plaintiff invaded the privacy interests that the TCPA was intended to protect.

36.     Defendant's telephone calls violate the Telephone Consumer Protection
        Act.

37.     Although the total number of robocalls is currently unknown to Plaintiff,
        Plaintiff has recorded dozens of the messages that were left for Natalia
        London and she estimates that based upon the large number of prerecorded
        messages that she has preserved as well as her memory of other calls for
        which no messages were left or where the messages may have been
        inadvertently not saved,  that WELLS FARGO had initiated hundreds of
        such telephone calls to her cellular telephone number during the last four
        years.

38.     Plaintiff has complied with all conditions precedent to bring this action.


                            **CAUSE OF ACTION**

                **TELEPHONE CONSUMER PROTECTION ACT**

39.     The acts of Defendant constitute violations of the Telephone Consumer
        Protection Act.

40.     Defendant's violations of the TCPA include, but are not limited to, the
        following:

41.     Making and/or initiating a telephone call using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 CFR § 64.1200(a)(1)(iii).

42.     As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

43.     In the event that this Court finds that the Defendant's violations were committed willfully or knowingly, Plaintiff requests an award of statutory damages of $1,500.00 for each such violation.

44.     The Defendant has acted in bad faith, been stubbornly litigious and/or caused the Plaintiff unnecessary trouble and expense, and Plaintiff requests an award of the expenses of litigation, including a reasonable attorney's fee, pursuant to O.C.G.A. § 13-6-11.


WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a)    That Plaintiff be awarded statutory and actual damages;

b)    That Plaintiff be awarded the expenses of litigation including a

reasonable attorney fee;

c)    That the Court grant such further and additional relief as is just in the

circumstances.

Respectfully submitted,

SKAAR & FEAGLE, LLP

by:    /s/ James M. Feagle
       James M. Feagle
       Georgia Bar No. 256916
       jfeagle@skaarandfeagle.com
       108 East Ponce de Leon Avenue
       Suite 204
       Decatur, GA 30030
       404 / 373-1970
       404 / 601-1855 fax

       Justin T. Holcombe
       Georgia Bar No. 552100
       jholcombe@skaarandfeagle.com
       Kris Skaar
       Georgia Bar No. 649610
       krisskaar@aol.com
       P.O. Box 1478
       331 Washington Ave.
       Marietta, GA 30061-1478
       770 / 427-5600
       404 / 601-1855 fax